(October 10, 1980)

■ In the Matter of STANLEY HARWOOD, as Commissioner of Elections of the County of Nassau, Plaintiff, v ISABEL R. DODD, as Commissioner of Elections of the County of Nassau, Defendant.—In this action for a declaratory judgment which the parties by stipulation have submitted to this court, on agreed facts, for hearing and determination pursuant to CPLR 3222, the question concerns the placement of candidates for the offices of Representative to the United States Congress, State Senator, and Member of Assembly on the ballot to be used in Nassau County on November 4, 1980. It is hereby determined and declared, without costs or disbursements, that the candidates for the offices in question shall appear on the ballot in the columnar spaces immediately after the spaces utilized for candidates for District Court Judge with no blank spaces intervening. We see no reason why blank spaces should appear on the ballot between the various contested offices. Lazer, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.

■ In the Matter of STANLEY HARWOOD, as Commissioner of Elections of the County of Nassau, Plaintiff, v ISABEL R. DODD, as Commissioner of Elections of the County of Nassau, Defendant.—Cross motions by the parties for leave to appeal to the Court of Appeals. Cross motion by defendant granted. Cross motion by plaintiff denied as unnecessary. Questions of law have arisen which in our opinion ought to be reviewed. Lazer, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.

(October 14, 1980)

■ BOARD OF COMMISSIONERS, ROCKLAND COUNTY SEWER DISTRICT No. 1, Respondent, v TRUSTEES OF ST. PATRICK'S CATHEDRAL IN CITY OF NEW YORK, Appellant.—In a condemnation proceeding, defendant appeals from a judgment of the Supreme Court, Rockland County, dated September 4, 1979, which awarded it the principal sum of only $10,051.61, plus $5,462.97 interest, for three temporary and permanent easements acquired by plaintiff for the installation of sewer pipes. Judgment modified, on the law and the facts, by increasing the principal amount awarded to $11,147.75. As so modified, judgment affirmed, with costs to defendant, and matter remitted to the Supreme Court, Rockland County, for entry of an appropriate amended judgment. There is ample evidence in the record to support the determination of the trial court as to the value of the property involved in this condemnation proceeding, except insofar as credence was given to the testimony of plaintiff's expert appraiser that each grave site had a value of $135 rather than $150. There is no justification in the record for the conclusion that the value of each site should be diminished by 10% for purported sales and administrative expenses. These expenses were already included in the valuation of each site at $150. Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.